Michael T. AVERY, et al., Appellants,

v.

**SOLARGIZER INTERNATIONAL, INC., Respondent,**

Paul O. Holmberg, et al., Defendants,

Reynold M. Anderson, Sr., et al., Respondents.

No. C2–88–180.

Court of Appeals of Minnesota.

July 12, 1988.

Wilbur W. Fluegel, Sieben, Grose, Van Holtum McCoy & Carey, Ltd., Minneapolis, for Michael T. Avery, et al.

Rodney J. Mason, Chandler and Mason, Ltd., St. Paul, for Solargizer International, Inc., and Paul O. Holmberg, et al.

Paul G. Neimann, David P. Jendrzejek, Moss & Barnett, Minneapolis, for Reynold M. Anderson, Sr., et al.

Heard, considered and decided by LANSING, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

RANDALL, Judge.

Appellants (plaintiffs) Michael Avery, Dino Thiessen and Glen Darrow, II, commenced an action against respondents (defendants), alleging, inter alia, violation of Minnesota's Franchise Act; fraud; breach of fiduciary duty; deceptive trade practices; false advertising; and breach of Minnesota Uniform Commercial Code warranties. Per motion filed August 21, 1987, respondents Donald Oren, Wyman D. Nelson, Michael Ruhr, Reynold M. Anderson, Sr. and Reynold M. Anderson, Jr. all moved for summary judgment. The trial court issued an order partially granting summary judgment, and, in its amended order of December 2, 1987, directed entry of that partial judgment. Judgment was entered December 30, 1987. Michael Avery, Dino Thiessen and Glen Darrow, II, filed this appeal of the partial summary judgment. Respondents filed a notice of review. We affirm.

### FACTS

Solargizer, Inc. is a Minnesota corporation. Solargizer marketed and distributed alternative energy products through a network of distributors, who received commissions on their sales. Avery, Thiessen and Darrow were Solargizer distributors. Re-

spondents Paul Holmberg, David L. Thornberg, David Edwards, Reynold M. Anderson, Sr., Reynold M. Anderson, Jr., Donald Oren, Wyman D. Nelson, Robert Thornberg and Michael Ruhr were Solargizer directors and officers.

In 1979, Anderson Jr. and Thornberg, acting on behalf of Solargizer, approached Robert Prentice and Dale Mastarone, who were working on the development of ethanol production equipment and technology, with the request that they design an alcohol plant for sale by Solargizer distributors. The plant was to be small, but sufficient to produce liquid fuel for a farm up to one section in size. Agrihol, Inc., a subsidiary of Solargizer, was established to manufacture the ethanol distillation equipment.

Mastarone testified a working pilot plant that was built produced 12 gallons 190 proof ethanol per hour. The plan was to perfect the design in a prototype, which could then be duplicated in production. After talking to a number of farmers, Prentice and Mastarone came to the conclusion that a processor had to produce 500,000 gallons of alcohol per year to be economically viable. Since the manufacture of even a prototype this size exceeded Prentice and Mastarone's manufacturing capability, Winnebago took over manufacture of the still in its Iowa plant. In Iowa, all distributors viewed the unfinished apparatus at least once. For security reasons, the project was moved to Minnesota in early to mid-December 1980. Promises of completion of the unit were repeatedly renewed, each time with a later date. No marketable model was ever completed.

Windmule was another product Solargizer sought to market. Windmule, a wind-powered energy producer, was developed by Ken Everhart, George Peploe, and Vartec, Inc. Windmule never passed the developmental stage.

Avery applied for his Solargizer distributorship in December 1979, and Darrow and Thiessen applied for their distributorships in January, 1980. According to the original distributor agreements, appellants were to purchase Solargizer products from the company at a discount, and then sell them with a markup. Solargizer's Franchise Offering Circular, dated July 9, 1980, provided that each distributor had to purchase a unit costing at least $1875, and had to pay an additional $200 to defray training expenses. Distributors would have to sell a minimum of $8000 worth of Solargizer products to remain in good standing.

Appellants started to market Solargizer products, and claim they interested potential customers in both the Agrihol unit and the Windmule. Appellants contend their work was for naught, and that the prospective sales could not take place because Solargizer never actually made available to them the products they marketed. Appellants now seek restitution for fees paid under the distributorship agreements, lost profits, consequential damages, punitive damages, and attorney fees and costs, together with interest.

Appellants sought to rescind their franchise agreements with Solargizer, and commenced this action, alleging (1) "common law rescission;" (2) violation of Minnesota's Franchise Act by failing to provide a public offering circular; (3) common law fraud; (4) violation of Minnesota's Franchise Act by fraud; (5) breach of fiduciary duty; (6) violation of the Minnesota Uniform Deceptive Trade Practices Act; (7) violation of the Minnesota False Statement in Advertising Act; (8) violation of the Minnesota Prevention of Consumer Fraud Act; and (9) breach of Uniform Commercial Code warranties.

In their motion filed August 21, 1987, respondents Donald Oren, Wyman D. Nelson, Michael Ruhr, Reynold M. Anderson, Sr. and Reynold M. Anderson, Jr. moved for summary judgment pursuant to Minn. R.Civ.P. 56.03. On November 24, 1987, the trial court issued an order and memorandum partially granting the motion as follows: Reynold M. Anderson, Sr.'s motion was granted as to counts 1, 5, 6, 7, 8 and 9; Reynold M. Anderson, Jr.'s motion was granted as to counts 1, 3, 5, 6, 7, 8 and 9; Wyman D. Nelson's motion was granted as to all counts; Donald Oren's motion was granted as to all counts; and Michael Ruhr's motion was granted as to counts 1,

2, 4, 5, 6, 7, 8 and 9. In its amended order of December 2, 1987, the trial court directed entry of a partial judgment. That judgment was entered December 30, 1987, and Avery, Thiessen and Darrow appeal. Those respondents who did not have all claims against them dismissed by way of summary judgment (Anderson Sr. and Jr., and Ruhr) cross appealed, claiming the trial court erred by not dismissing all the plaintiff-appellants' claims as to them, as the trial court did for the other defendant-respondents.

## ISSUES

1. Did the trial court err by granting summary judgment for respondents Nelson, Oren and Ruhr, and by denying summary judgment for respondents Anderson, Sr., and Anderson, Jr., on appellants' claim of violation of Minn.Stat. § 80C.06 (1978)?

2. Did the trial court err by granting summary judgment for respondents Anderson, Jr., Nelson, and Oren, and denying summary judgment for respondents Anderson, Sr., and Ruhr on the issue of common law fraud?

3. Did the trial court err by granting summary judgment for respondents Nelson, Oren and Ruhr, and by denying summary judgment for Anderson, Sr. and Anderson, Jr., on the issue of violation of Minn.Stat. § 80C.13, subd. 2 (1978)?

4. Did the trial court err by granting summary judgment in favor of Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr, on appellant's claim of breach of fiduciary duty?

5. Did the trial court err by granting summary judgment for Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr on the issue of violation of the Deceptive Trade Practices Act, Minn.Stat. § 325D.44, subd. 1(10) (1978)?

6. Did the trial court err by granting summary judgment for Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr on the issue of respondents' violation of the Minnesota False Statement in Advertising Act, Minn.Stat. § 325F.67 (1978)?

7. Did the trial court err by granting summary judgment for Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr on the issue of violation of the Minnesota Prevention of Consumer Fraud Act, Minn.Stat. § 325F.69 (1978)?

8. Did the trial court err by granting summary judgment for Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr on the issue of liability on Uniform Commercial Code warranties?

## ANALYSIS

### Standard of review

Summary judgment is appropriate when there are no genuine issues of material fact and either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03; *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The moving party has the burden of proof. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981). On review, this court must view the evidence in the light most favorable to the party against whom the motion was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982).

When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. Minn.R.Civ.P. 56.05.

### I

### *Minn.Stat. § 80C.06, subd. 5*

Appellant contends Solargizer failed to provide a current public offering statement to appellants prior to the execution of "franchise agreements," in violation of Minn.Stat. § 80C.06, subd. 5 (1978).

Any person offering for sale or selling any franchise which is subject to the registration requirements imposed by section 80C.02 shall, at his own expense, present to the prospective franchisee, at least seven days prior to the execution by the prospective franchisee of any franchise or * * * prior to the payment of any consideration by the franchisee,

whichever occurs first, a copy of the current public offering statement together with a copy of all proposed agreements relating to the sale of the franchise.

*Id.*

Violation of § 80C.06 may entitle a franchisee to damages, rescission, or other appropriate relief. Minn.Stat. § 80C.17, subd. 1 (1978). Not only the corporation, but also any executive officer, director, or person occupying a similar status or performing similar functions, and all employees who materially aid in the act or transaction are jointly and severally liable, unless they had no knowledge of or reasonable grounds to know of the facts giving rise to the alleged liability. Minn.Stat. § 80C.17, subd. 2 (1978).

*Liability of Nelson, Oren and Ruhr*

◼ Appellants claim the trial court erred when it entered summary judgment for Nelson, Oren and Ruhr on appellants' claim of violation of Minn.Stat. § 80C.06.

Nelson, Oren and Ruhr did not become directors of Solargizer until January 1981, August 1980, and March 1981, respectively. The trial court entered summary judgment for Nelson, Oren and Ruhr on this count, finding that if Solargizer violated the franchise agreement, the violation occurred when appellants signed their agreements in December 1979 or January 1980. Appellants claim the violation continued until a final offering statement was made available to the franchisees in February 1981.

We do not find appellants' argument persuasive. Minn.Stat. § 80C.06, subd. 5, requires that the franchisor provide the public offering statement "seven days prior to the execution by the prospective franchisee of any franchise or other agreement, or at least seven days prior to the payment of any consideration by the franchisee, whichever occurs first * * *." *Id.* Violation of the statute, if there was one, was complete when appellants signed the distributorship agreements. The trial court did not err by holding that Nelson, Oren and Ruhr did not violate the statute because, according to its plain language, it can be violated only by failure to provide the necessary information before the franchise agreement is executed.

*Liability of Anderson Jr. and Anderson Sr.*

◼ Respondents contend the trial court erred when, unlike the others, it denied the summary judgment motions of Reynold Anderson, Sr. and Reynold Anderson, Jr., on the grounds the pertinent and substantial facts concerning whether they knew or should have known of the alleged violation, remain in dispute. Appellants claim that under Minn.Stat. § 80C.17, subd. 2, the Andersons are jointly and severally liable for Solargizer's failure to timely provide them with copies of the offering statements.

Respondents claim the Andersons' involvement in the corporation was limited. They claim Anderson, Jr., only attended board meetings, and had no responsibilities or contacts with marketing or administration of the distributorship program.

Respondents claim Anderson, Sr., did not have actual knowledge of the facts forming the basis of liability, because Darrow and Thiessen admit they did not meet him until after they signed their distributorship agreements, and Anderson, Sr., therefore did not know they were prospective distributors entitled to a disclosure statement. Respondents claim both Andersons had no knowledge of the facts forming the basis of liability.

However, the question whether the Andersons had actual knowledge, or should have known about the failure to provide the distributors with the appropriate documentation, is one of fact. The trial court did not err when it found a disputed material fact question exists, and denied the Andersons' motions for summary judgment on this issue.

## II

*Common Law Fraud*

Appellants claim the trial court erred by granting summary judgment for Nelson, Oren and Anderson, Jr., on appellant's

claim of common law fraud. To establish a case of fraud:

(1) There must be a representation.

(2) That representation must be false.

(3) It must have to do with a past or present fact.

(4) That fact must be material.

(5) It must be susceptible of knowledge.

(6) The representer must know it to be false or, in the alternative, must assert it as of his own knowledge without knowing whether it is true or false.

(7) The representer must intend to have the other person induced to act or justified in acting upon it.

(8) That person must be so induced to act or so justified in acting.

(9) That person's action must be in reliance upon the representation.

(10) That person must suffer damage.

(11) That damage must be attributable to the misrepresentation, that is, the statement must be the proximate cause of the injury.

*Weise v. Red Owl Stores, Inc.*, 286 Minn. 199, 202–03, 175 N.W.2d 184, 187 (1970); *Davis v. Re–Trac Manufacturing Corp.*, 276 Minn. 116, 117, 149 N.W.2d 37, 38–39 (1967).

*Judgment for Nelson, Oren and Anderson, Jr.*

■ Generally, a corporate officer is not liable for the torts of the corporation's employees unless he participated in, directed, or was negligent in failing to learn of and prevent the tort. *See Morgan v. Eaton's Dude Ranch*, 307 Minn. 280, 283, 239 N.W. 2d 761, 762 (1976) (officer who was not at fault in appointing, supervising or cooperating with negligent employee was not individually liable for injuries resulting from negligence); *see also Ellingson v. World Amusement Service Association*, 175 Minn. 563, 572, 222 N.W. 335, 339 (1928) (corporate officer who took no part in tort not liable for acts of other employees, agents or officers).

Here, the trial court granted Nelson, Oren and Anderson, Jr., summary judgment on the fraud claim because "Plaintiffs admit that they have never met or have any recollection of any misrepresentations made by Anderson, Jr., Nelson, or Oren." Consequently, the court found, appellants failed to allege a prima facie case of the cause of action as set out in *Weise*.

Here, appellants make no specific allegations of actual misrepresentation by Oren, Anderson, Jr. and Nelson. Darrow testified he never met Nelson; he had sporadic contact with Anderson, Jr., but could not recall any false statements made by Anderson, Jr.; he remembered one meeting with Oren, but could not recall any statement Oren made that was false. Thiessen testified he never met Nelson or Oren; he recalled meeting Anderson, Jr., at least on one occasion, but did not remember what was said.

Avery testified he did not remember ever having talked to Nelson; he remembered "talking with Ray Anderson, Junior on more than one occasion," however could not recall the substance of the conversations; and he recalled only one conversation with Oren, during which Oren "made a comment that he heard something about our marketing efforts and—in a positive sense, and that was it. It was a very short conversation." Appellants assert Oren's statement about appellants' marketing efforts gave appellants the false impression their marketing techniques were beneficial.

Appellants also contend that indirect representations allegedly made about Solargizer business in the company publication "Collector" subjects respondents to liability. They claim that by failing to correct the impression conveyed by articles in the Collector, respondents misled appellants. *See Watkins v. Lorenz*, 264 Minn. 471, 480, 119 N.W.2d 482, 488 (1963) (it was jury question to determine whether a party acquiesced to fraud by remaining silent while aware that plaintiffs were fraudulently being induced to enter into a contract).

Before nondisclosure may constitute fraud, however, there must be a suppression of facts which one party is under a legal or equitable obligation to communicate to the other, and which the other party is entitled to have communicated to him.

*Richfield Bank & Trust Co. v. Sjogren,* 309 Minn. 362, 365, 244 N.W.2d 648, 650 (1976).

Here, appellants offered no evidence that would demonstrate that Oren, Nelson or Anderson, Jr., were in any way involved in writing for the Collector, had authority over the Collector's publication, or were cognizant of its contents. Where appellants could remember no specific misleading statements made by Oren, Nelson, and Anderson, Jr., and did not show any of the three respondents were responsible for, or even cognizant of, allegedly misleading statements in the Collector, the trial court did not err by entering summary judgment on the fraud issue for Nelson, Oren, and Anderson, Jr.

*Anderson, Sr., and Ruhr*

■ Respondents contend the trial court erred by holding a question of fact existed whether statements made by Ruhr and Anderson, Sr., were statements of past or present fact, or mere opinions about future events. *See Weise,* 286 Minn. at 203–04, 175 N.W.2d at 187.

The trial court found that discovery revealed Anderson, Sr. told Avery that "development was coming along" and that "development was continuing," and that Ruhr represented to appellants that the Windmule project was moving along and would be available in the very near future. Darrow testified that Ruhr said, about the long-awaited technology, "It's coming, it's coming." Darrow could not recall what Anderson, Sr., said to him, but testified "he might have stretched the truth from time to time."

The question whether statements Ruhr or Anderson, Sr., made about the state of development of Agrihol or Windmule technology is one of material fact, and the trial court did not err by denying these defendants summary judgment on this issue.

## III

*Minnesota Franchise Act § 80C.13*

The trial court entered summary judgment for Nelson, Oren and Ruhr on the claimed violation of Minn.Stat. § 80C.13, subd. 2 (1978).

No person may offer or sell a franchise in this state by means of any written or oral communication which includes an untrue statement of a material fact or which omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

*Id.* Corporate liability for violation of this section extends to principal executive officers and directors, unless they had no knowledge or reasonable grounds to know of the facts giving rise to the alleged liability. Minn.Stat. § 80C.17, subd. 2 (1978).

*Oren, Nelson and Ruhr*

■ Appellants claim the trial court erred by entering summary judgment for Oren, Nelson and Ruhr on the § 80C.13 claim.

The trial court correctly found that, because it is undisputed Nelson, Oren and Ruhr did not become directors of Solargizer until January 1981, August 1980, and March 1981, and therefore were not in a position of corporate authority at the time the statements were made, appellants did not raise specific fact issues to support their claim Oren, Nelson or Ruhr should be held liable for the alleged acts of the corporation.

*Anderson, Jr. and Sr.*

■ The trial court denied the summary judgment motions of Reynold Anderson Sr. and Jr. on this issue. These two respondents argue that this was error, as they claim they fell under the good faith exception to the controlling persons provision, which extends liability to officers and directors. Minn.Stat. § 80C.17, subd. 2.

The trial court found the Andersons were on Solargizer's board of directors at the time the violation of Minn.Stat. § 80C.13, subd. 2 would have occurred, at the time appellants signed the agreements. Under § 80C.17, subd. 2, he could thus have been liable as director for violations by Solargizer.

Respondents contend that Anderson, Jr., "had no knowledge of or reasonable grounds to know of the existence of the facts by reason of which the liability is alleged to exist." Respondents cite no testimony or agreement indicating appellants stipulate to this fact. It is a question of fact whether Anderson, Jr., knew or should have known of the allegedly misleading information leading to appellants' signing of the distributorship applications. Denial of summary judgment on this issue was thus proper.

## IV

### Fiduciary Duty

■ Appellants claim the trial court erred when it entered summary judgment for all respondents on the issue of breach of fiduciary duty. Appellants claim the relationship of franchisee and franchisor gives rise to a fiduciary duty, which respondents breached. Appellants also claim that directors may be in a fiduciary relationship with their corporation, and point out that a fiduciary relationship may exist when one party relies on another party that has superior knowledge. *Midland National Bank v. Perranoski*, 299 N.W.2d 404, 413 (Minn.1980) (quoted in *Norwest Bank Hastings v. Clapp*, 394 N.W.2d 176, 179 (Minn.Ct.App.1986)). They claim this is the case here, where the respondents, as directors, had superior knowledge and control over the development of Agrihol and Windmule technology.

Whether a duty to speak should be imposed on respondents depends on findings of fact as to the existence of a fiduciary relationship. *Murphy v. Country House, Inc.*, 307 Minn. 344, 351, 240 N.W.2d 507, 512 (1976). Here, however, the trial court found appellants did not provide evidence establishing that at any time during their involvement with Solargizer, appellants placed their trust and confidence in the individual corporate directors or officers. Appellants' testimony indicates they rarely, if ever, spoke to respondents. There is no claim any appellant felt any specific close relationship with any respondent that would give rise to a fiduciary relationship.

We do not disturb the trial court's conclusion that appellants failed to allege facts sufficient to withstand a summary judgment motion.

## V

### Deceptive trade practices

■ Appellants claim the trial court erred when it entered summary judgment for respondents on appellants' claim of violation of the Minnesota Deceptive Trade Practices Act, Minn.Stat. § 325D.44, subd. 1(10) (1978):

A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:
* * * advertises goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity * * *.

The trial court found appellants' claim was based on brochures and pamphlets produced by Solargizer, and no allegations were made that respondents individually produced the materials in question. The court held, therefore, that appellants did not assert any facts that would raise a triable issue whether respondents violated § 325D.44.

The Deceptive Trade Practices Act does not contain a "controlling persons" or other vicarious liability provision. We affirm the trial court's conclusion that appellants here did not present sufficient facts to assert a prima facie case, and that summary judgment for respondents on this issue was proper. *See* Minn.R.Civ.P. 56.05.

## VI

### False Advertisement

■ Appellants claim the trial court erred by entering summary judgment for respondents on their claim of false advertisement in violation of Minn.Stat. § 325F.67. Appellants claim they were victimized by false statements in brochures, mailings, and oral representations, and assert Solargizer's directors are liable for the negligence of corporate employees, and

cannot avoid personal liability on the basis they were not involved in making the representations.

Minn.Stat. § 325F.67 does not provide for vicarious liability of controlling persons. The trial court correctly found appellants failed to allege sufficient facts to demonstrate respondents made false advertising statements. Appellants claim they were victimized by allegedly misleading promotional materials and oral representations. However, they fail to allege specific oral representations, and presented no credible evidence as to the nature and content of specific false representations. We affirm the trial court's grant of summary judgment to respondents on this issue. Minn.R.Civ.P. 56.05.

## VII

### Consumer Fraud

■ Appellants contend the trial court erred by granting respondents summary judgment on appellants' claim of violation of Minn.Stat. § 325F.69, subd. 1, which makes unlawful:

> [t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby * * *.

*Id.* Minn.Stat. § 8.31, subd. 3a (1978) provides for a private remedy for violations of the Consumer Fraud Act.

Appellants claim they were consumers of the franchises before they became active participants as distributors, and that respondents violated the Consumer Fraud Act before appellants entered into the franchise agreement. Appellants do not assert any facts that would establish violation of the Act. They make no specific claims of misrepresentation or deceptive practices preceding the signing of the agreements. The general claim that Solargizer violated the statute and that respondents, as directors, are personally liable was not suffi-cient to raise a material fact issue for trial, and thus summary judgment on this issue was proper.

## VIII

### Uniform Commercial Code

■ Finally, appellants claim the trial court erred by awarding respondents summary judgment on appellants' claim of breach of various Uniform Commercial Code (UCC) warranties, Minn.Stat. §§ 336.-2-313, .2-314 and .2-315 (1978).

Appellants claim respondents personally are liable for breach of Solargizer's alleged "warranty provisions." There is no claim respondents acted in other than a corporate capacity to incur personal liability for the alleged breaches. *See Aberman v. Malden Mills Industries, Inc.*, 414 N.W.2d 769 (Minn.Ct.App.1987) (summary judgment was appropriate for officer sued in individual capacity, for breach of contract, where appellants failed to raise fact question whether officer acted other than in corporate capacity). The trial court found appellants entered into a contractual relationship solely with Solargizer, and not with any officers or directors in an individual capacity. Appellants have alleged no specific facts that would indicate a contractual relationship with respondents in an individual capacity. The trial court did not err by granting summary judgment here for all individual respondents.

## DECISION

The trial court did not err by granting summary judgment for respondents Nelson, Oren and Ruhr, and by denying summary judgment for respondents Anderson, Sr., and Anderson, Jr., on the issue of violation of Minn.Stat. § 80C.06. The trial court did not err by granting summary judgment for respondents Anderson, Jr., Nelson, and Oren, and denying summary judgment for respondents Anderson, Sr., and Ruhr on the issue of common law fraud. The trial court did not err by granting summary judgment for respondents Nelson, Oren and Ruhr, and by denying summary judgment for Anderson, Sr., and Anderson, Jr., on the issue of violation of

Minn.Stat. § 80C.13, subd. 2. The trial court did not err by granting summary judgment for Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr, on appellants' claim of breach of fiduciary duty. The trial court did not err by granting summary judgment for Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr on the issue of violation of the Deceptive Trade Practices Act, Minn.Stat. § 325D.44, subd. 1(10). The trial court did not err by granting summary judgment for Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr on the issue of violation of the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67. The trial court did not err by granting summary judgment for Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr on the issue of violation of the Minnesota Prevention of Consumer Fraud Act, Minn.Stat. § 325F.69. The trial court did not err by granting summary judgment for Anderson, Sr., Anderson, Jr., Nelson, Oren and Ruhr on the issue of liability on Uniform Commercial Code warranties.

Affirmed.