Thomas N. TESTER, et al., Appellants,

v.

AMERICAN STANDARD,
INC., Defendant,

Owens–Corning Fiberglas
Corp., Respondent,

MacArthur Company, Respondent.

No. C9–98–999.

Court of Appeals of Minnesota.

April 6, 1999.

Richard A. LaVerdiere, Michael R. Strom, Sieben, Polk, LaVerdiere, Jones & Hawn, P.A., Hastings, MN (for appellants).

Bruce Jones, Faegre & Benson LLP, Minneapolis, MN (for respondent Owens–Corning).

Jon P. Parrington, Jeffrey J. Lindquist, Pustorino, Tilton & Parrington, P.A., Minneapolis, MN (for respondent MacArthur Company).

Considered and decided by ANDERSON, Presiding Judge, HUSPENI, Judge*, and HOLTAN, Judge.

## OPINION

### HARVEY A. HOLTAN, Judge **

Appellants challenge the trial court's judgment in favor of respondents in an asbestos-related products liability action. Appellants challenge the trial court's interpretation of the comparative fault statute, Minn.Stat. § 604 (1998), and argue that fault should be aggregated in asbestos cases involving multiple defendants. We affirm.

### FACTS

Appellant Thomas Tester worked as a pipe-coverer for 30 years. During this time, he worked with, and was exposed to, asbestos. As a result of this exposure, he contracted mesothelioma, a terminal cancer.

Tester brought a products liability action against various asbestos manufacturers and suppliers. Most settled or were voluntarily dismissed, but remained on the special verdict form. At the end of the trial, the jury found the manufacturers and suppliers negligent for failure to warn, awarded Tester damages of $456,731, and allocated fault among Tester and the various defendants (both those dismissed and those remaining as parties). The jury found Tester to be more at fault than the two remaining defendants, respondents Owens–Corning Fiberglas Corporation (OCF) and MacArthur Company.

After the jury returned its verdict, both sides moved for entry of judgment in their favor. Although MacArthur and OCF were at fault, the trial judge entered judgment in favor of respondents because Tester was more at fault. This appeal followed. Neither party challenges the jury result. At issue is whether the statutes and cases governing comparative fault allow Tester to collect damages given his degree of fault as compared to respondents' degree of fault.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. I, § 10.

### ISSUES

1. Does Minn.Stat. § 604.02, subd. 3 (1998), apply to the present case?

2. Does Minnesota law allow the aggregation of defendants' fault?

### ANALYSIS

■ The issues in this appeal are questions of law, which this court reviews de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

#### 1. Application of Minn.Stat. § 604.02, subd. 3

■ Generally, a plaintiff in a negligence action cannot recover from a defendant if the plaintiff is more at fault than the defendant. Minn.Stat. § 604.01, subd. 1 (1998). But appellants argue that Minn.Stat. § 604.02, subd. 3 (1998), provides an exception to this general rule and allows an at-fault plaintiff to recover from a less-at-fault defendant in products liability cases. Section 604.02, subdivision 3, provides:

> In the case of a claim arising from the manufacture, sale, use or consumption of a product, an amount uncollectible from any person in the chain of manufacture and distribution shall be reallocated among all other persons in the chain of manufacture and distribution but not among the claimant or others at fault who are not in the chain of manufacture or distribution of the product. Provided, however, that a person whose fault is less than that of a claimant is liable to the claimant only for that portion of the judgment which represents the percentage of fault attributable to the person whose fault is less.

*Id.*

■ Contrary to appellants' assertion, subdivision 3 applies only to a specific situation: the reallocation of uncollectible judgment amounts among parties "in the chain of manufacture and distribution of the product." *Id.* The plain meaning of these words sug-

---

\*\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. I, § 10.

gests application when the parties are vertically integrated (the asbestos producer, the asbestos wholesaler, the asbestos retailer, all working together to bring a product to market), not horizontally involved in the same industry (two competing asbestos makers). This interpretation comports with caselaw; the term "chain of manufacture and distribution" has been applied only in those cases where multiple parties worked together to bring a product to market. *See Marcon v. Kmart Corp.*, 573 N.W.2d 728, 732 (Minn. App.1998) (holding that sled manufacturer and sled retailer are in same chain), *review denied* (Minn. Apr. 14, 1998); *Illinois Farmers Ins. Co. v. Brekke Fireplace Shoppe, Inc.*, 495 N.W.2d 216, 218–19 (Minn.App.1993) (noting that space heater manufacturer, importer, distributor, and retailer are in same chain). Because the jury in the present case was not asked, and did not determine, whether respondents were in the same chain of manufacture or distribution as other defendants, the trial court did not err in holding that Minn.Stat. § 604.02, subd. 3, does not require entry of judgment in favor of appellants.

## 2. Aggregation of Fault

■■ In the context of determining what party is more at fault, "aggregation of fault" means that "the negligence of plaintiff * * * should be compared to the combined negligence of the defendants rather than to the individual negligence attributed to each individual defendant." *Krengel v. Midwest Automatic Photo, Inc.*, 295 Minn. 200, 210, 203 N.W.2d 841, 847 (1973). Minnesota law generally requires the plaintiff's fault to be compared against each defendant individually, and it does not permit aggregating fault of multiple defendants when applying the comparative fault statute, Minn.Stat. § 604.01, subd. 1. *Cambern v. Sioux Tools, Inc.*, 323 N.W.2d 795, 798 (Minn.1982). The exception to this rule is that aggregation of fault is permissible when the defendants are involved in a joint enterprise. *Krengel*, 295 Minn. at 208–09, 203 N.W.2d at 846–47 (setting forth the exception and a test for determining a joint enterprise). Appellants admit *Krengel* is not applicable in the present case because respondents are not engaged in a joint enterprise.

■ But appellants argue that an extension of the law is necessary because policy considerations warrant aggregation of defendants' fault in asbestos cases. The trial court agreed in theory with appellants, stating that "basic fairness to both plaintiffs and defendants would best be achieved by allowing aggregation of fault in these [asbestos] cases." But the trial court noted that such an extension of law is "properly the province of the appellate courts or the legislature" and declined to rule in favor of appellants.

Because the defendants in this case were not involved in a joint enterprise, the trial court did not err in refusing to aggregate defendants' fault. And while we note the trial court's expertise in matters related to asbestos litigation and the persuasiveness of its arguments for allowing aggregation of fault in asbestos cases, this court cannot extend the doctrine of aggregation because "the task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court." *Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn.App. 1987), *review denied* (Minn. Dec. 18, 1987).

## DECISION

Despite the unique circumstances presented by asbestos-related cases, the trial court correctly held that Minn.Stat. § 604.02, subd. 3, does not require entry of judgment in favor of appellants and that the rules of law governing comparative fault do not allow the aggregation of defendants' fault.

**Affirmed.**