**Susanne HANSEN, as trustee for the next-of-kin of Adam R. Helmbrecht, Respondent,**

v.

**ST. PAUL METRO TREATMENT CENTER, INC., et al., Appellants.**

No. C1–99–1350.

Court of Appeals of Minnesota.

April 25, 2000.

Daniel J. Maertens, Steven J. Quam, Fredrikson & Byron, P.A., Minneapolis (for respondent)

Rebecca Egge Moos, Charles E. Lundberg, Shalanda D. Ballard, Bassford, Lockhart, Truesdell Briggs, P.A., Minneapolis (for appellants)

Considered and decided by SCHUMACHER, Presiding Judge, PETERSON, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

St. Paul Metro Treatment Center, Inc. (the center), Colonial Group, Inc. (Colonial), and Dr. Randall B. Greene appeal from the judgment after a jury trial and the court's denial of their posttrial motions. They contend that the district court erred by aggregating fault based on a joint venture theory because (1) respondent waived her right to assert joint venture by failing to plead or prove it at trial and (2) even if she did not waive the issue, there was no evidence to support such a finding as a matter of law. We reverse, holding that respondent waived the issue of joint venture.

## FACTS

On Wednesday, April 13, 1994, Adam Helmbrecht enrolled in a methadone treatment program; he received his first dose of methadone that day. He then returned for doses the next two days, Thursday, April 14, and Friday, April 15. On Saturday, April 16, he received not only his daily dose, but also his Sunday dose to take with him, because the center was not open on

Sunday. The next morning, he was found dead in his apartment. Respondent Susanne Hansen, Helmbrecht's mother and the trustee for his next-of-kin, sued the center, Colonial, and Dr. Greene for negligence.

At the trial, testimony was received as to the structure of the center and Colonial. Dr. Greene was the president, Chief Executive Officer, and 100% shareholder of the center and of Colonial. The center paid a fee to Colonial for assistance with the management, consultation, supervision, and operation of the center. Colonial also provided the center with its policy and procedure manual. Dr. Greene and Colonial hold the copyright on the manual.

The special verdict returned by the jury found decedent Helmbrecht 44% negligent, the center 14% negligent, Colonial 18% negligent, and Greene 24% negligent, with total damages of $312,000. The jury was not asked to decide whether appellants were engaged in a joint venture.

In response to proposed findings submitted by appellants, respondent asserted that the fault of the appellants should be aggregated because they had been engaged in a joint venture. Appellants contended that respondent had waived the issue by failing to present it to the jury, and that the facts did not provide a basis from which to conclude a joint venture existed as a matter of law. After deciding posttrial motions, the district court entered judgment against appellants, jointly and severally, for the amount of damages awarded by the jury less the percentage attributed to decedent's negligence.

## ISSUE

Did respondent waive the issue of whether appellants were engaged in a joint venture, subjecting them to joint liability, because respondent did not submit the issue to the jury?

## ANALYSIS

A plaintiff's contributory fault will not bar recovery in a negligence "action if the contributory fault was not greater than the fault of the person against whom recovery is sought * * *." Minn.Stat. § 604.01, subd. 1 (1998). Instead, the damages will be "diminished in proportion to the amount of fault attributable to the person recovering." *Id.*

In the case of multiple defendants, the plaintiff's fault is usually compared to each defendant's fault, rather than the aggregated fault of all defendants. *Cambern v. Sioux Tools, Inc.,* 323 N.W.2d 795, 798 (Minn.1982). This court may not extend the doctrine of aggregation further than that allowed by the legislature or the supreme court. *Tester v. American Standard, Inc.,* 590 N.W.2d 679, 681 (Minn.App.1999), *review denied* (Minn. June 16, 1999).

An exception to this general rule arises when the defendants are engaged in a joint enterprise. *Krengel v. Midwest Automatic Photo, Inc.,* 295 Minn. 200, 208–209, 203 N.W.2d 841, 846–847 (1973); Minn.Stat. § 604.02, subd. 1 (1998). When a joint enterprise is present, the defendant's fault is aggregated before it is compared to the fault of plaintiff. *See Krengel,* 295 Minn. at 210, 203 N.W.2d at 847. Aggregation of the negligence of appellants is critical here; if decedent's negligence is compared to the negligence of one or two of the appellants, respondent cannot recover because decedent's negligence was greater. It is only when the negligence of all *three* appellants is aggregated that their negligence is greater than decedents, allowing respondent to recover.

The threshold issue here is whether respondent waived the issue of joint venture because she did not seek submission of the question to the jury.

Whether a joint venture exists has been described as a question for the factfinder to determine. *Grain Dealers Mut. Ins. Co. v. Cady,* 318 N.W.2d 247, 250 (Minn.1982). The party asserting joint venture must prove that fact. *Sowada v.*

*Motzko,* 256 Minn. 395, 398, 98 N.W.2d 182, 185 (1959). Nevertheless, in some circumstances, the issue may be decided as a matter of law on undisputed facts. *See Krengel,* 295 Minn. at 208–09, 203 N.W.2d at 846–47 (holding that while question of whether joint venture existed should have been submitted to jury, facts showed joint duty as a matter of law); *Weber v. Goetzke,* 371 N.W.2d 611, 616 (Minn.App. 1985) (holding district court erred in submitting issues to jury when defendant's activities did not arise to level of joint venture or joint enterprise as a matter of law), *review denied* (Minn. Sept. 26, 1985). Therefore, if we can say—as the district court did—that a joint venture exists as a matter of law, respondent's failure to submit the issue to the jury is not fatal.

 A joint venture exists when the following elements are present:

> (1) contribution—combining either money, property, time, or skill in a common undertaking; (2) joint proprietorship and control—the parties having a proprietary interest and a right of control over the subject matter; (3) sharing of profits—but not necessarily of losses; and (4) contract—either express or implied.

*Krengel,* 295 Minn. at 209, 203 N.W.2d at 847. A joint enterprise has somewhat different elements, including:

> (1) a mutual undertaking for a common purpose, and (2) a right to some voice in the direction and control of the means used to carry out the common purpose.

*Walton v. Fujita Tourist Enter. Co.,* 380 N.W.2d 198, 202 (Minn.App.1986) (citation omitted), *review denied* (Minn. Mar. 21, 1986).

The district court here determined a joint venture existed as a matter of law:

> Each of the Defendants in this case came together for the joint purpose of forming and operating the methadone treatment clinic. Evidence at trial showed that each defendant contribut-

ed to the clinic, each had a role in controlling the clinic's operation, each shared the profits from the clinic, and an implied contract existed between each of the Defendants with respect to their role in establishing and running the clinic. Colonial Group's role with respect to contributing, controlling, and profiting from the venture consisted of producing a procedures manual, providing administrative services, and training the staff. St. Paul Metro Treatment Center's role was to provide the facility and control the day-to-day operations of the clinic. Dr. Greene's role was to oversee the establishment of the clinic, hire the staff, and provide his expertise with respect to running the clinic. Profits were shared by all as Dr. Greene is the 100% shareholder of both the Colonial Group and the St. Paul Metro Treatment Center. Therefore, a joint venture did exist and the fault of each of the Defendants must be aggregated and compared to the fault of Adam Helmbrecht. When aggregated, the Defendants are 56% at fault which allows Plaintiff to recover.

Appellants disagree, contending that no joint venture exists under the facts presented at trial, because Colonial conducted its own business enterprise, had no control over the center, did not share profits, and had no agreement to enter into a joint venture; to the contrary, their agreement specifically provided they were not engaged in a joint venture.

 We first note that courts apply the joint venture or joint enterprise doctrine "when necessary to impute negligence between two entities that otherwise have no legal relationship." *Stelling v. Hanson Silo Co.,* 563 N.W.2d 286, 290–91 (Minn.App.1997) (citation omitted). In this case, the businesses were incorporated; in fact, one of the legitimate reasons to incorporate is to limit individual liability, assuming no fraud is present. *Victoria Elevator Co. v. Meriden Grain Co.,* 283

N.W.2d 509, 512 (Minn.1979). Here, the district court held in a pretrial summary judgment order that there was no evidence to support a determination that the corporate veil should be pierced. *See id.* (discussing factors significant in determining when corporate entity should be disregarded).

■■■ Corporations can form a joint venture. *See Krengel,* 295 Minn. at 209–10, 203 N.W.2d at 847 (upholding determination of joint venture between three companies). *Florida Tomato Packers, Inc. v. Wilson,* 296 So.2d 536, 539 (Fla.Ct.App. 1974). But the fact that the entities at issue here may have shared common employees or that one entity may have used the services of the other entity does not lead to the conclusion that there was the requisite contribution or control such that they engaged in a joint venture as a matter of law. Further, there is no evidence of profit sharing; the fact that Dr. Greene was the sole shareholder of both companies does not change this result. *Cf. Krengel,* 295 Minn. at 209–10, 203 N.W.2d at 847 (holding that where all defendants were engaged in maintaining a photo studio for profit, all were jointly liable for injury occurring there).

■■■ The issue of joint venture or joint enterprise was a question of fact to be decided by the jury and thus inappropriate for summary judgment. Had this issue been placed directly in dispute, both sides could have presented evidence on the question. To hold otherwise is to deprive appellants of an opportunity to establish a defense to the allegation that a joint venture existed.[1]

The decision of how many defendants to sue is one of trial strategy for the plaintiff, knowing the rules as clearly set out by the supreme court. *Cambern,* 323 N.W.2d at 799 (noting that plaintiff's decision as to how many defendants to sue is a question of pleading and trial strategy, which plain-

tiff must make in light of established rules regarding joint venture theory of liability). We are unable to extend the aggregation rule to allow respondent to recover in this case.

## D E C I S I O N

The decision of the district court aggregating the negligence of appellants is reversed.

**Reversed.**

SCHUMACHER, Judge (dissenting).

I respectfully dissent. Under the facts, the liability of the appellants should be aggregated because they are jointly liable as a matter of law.

Defendants' fault is aggregated for purposes of the comparative fault law, Minn. Stat. § 604.02, subd. 1 (1998), when they are jointly liable. *Krengel v. Midwest Automatic Photo, Inc.,* 295 Minn. 200, 208, 203 N.W.2d 841, 846 (1973). It commonly occurs when the defendants are engaged in a joint venture. *Id.* at 209, 203 N.W.2d at 847 (setting out elements of joint venture); *see Walton v. Fujita Tourist Enters. Co.,* 380 N.W.2d 198, 201 (Minn.App. 1986) (describing elements of joint enterprise), *review denied* (Minn. Mar. 21, 1986). Defendants may also be jointly liable under the "single indivisible injury rule," when the independent acts of two or more persons cause harm to a third from "consecutive acts of negligence closely related in point of time and when the harm is incapable of division." *Canada v. McCarthy,* 567 N.W.2d 496, 507 (Minn.1997) (citation omitted). Relevant to the facts here, an officer and a corporation may be jointly liable when the officer participates in the corporation's tort. 3A William Meade Fletcher, et al., *Fletcher Cyclopedia of the Law of Private Corporations* § 1138 (perm. ed. rev.vol.1994); *see* 18B Am. Jur.2d *Corporations* § 2126 (1985) (stating that corporation and individual who com-

---

1. Appellants allege that it did not offer certain evidence at trial because joint venture was not an issue. Such evidence would have included detailed testimony about the relation-

ship between the parties and records showing Colonial received only fixed fees, rather than truly sharing the profits.

**630**

mit tortious act while acting for corporation are jointly liable).

In addressing the question of whether Dr. Greene and the corporations are jointly liable, the basis for Dr. Greene's liability must be made clear. Generally, an officer of a corporation is shielded from liability for torts that the corporation or its employees committed. *Avery v. Solargizer Int'l, Inc.*, 427 N.W.2d 675, 681 (Minn.App. 1988). One exception occurs when there is proof the corporate veil should be pierced, based on fraud or the officer's use of the corporation as a mere "alter ego." *Victoria Elevator Co. v. Meriden Grain Co.*, 283 N.W.2d 509, 512 (Minn.1979). The district court ruled that there was no evidence the corporate veil should be pierced, and this determination is not challenged on appeal.

The other circumstance in which an officer may be individually liable arises when the officer personally takes part in the commission of the tort. *Ellingson v. World Amusement Serv. Ass'n*, 175 Minn. 563, 572, 222 N.W. 335, 339 (1928) (holding that officer of corporation not personally liable for negligent acts corporation commits, but is liable for officer's own acts of negligence); *Stelling v. Hanson Silo Co.*, 563 N.W.2d 286, 290 n. 4 (Minn.App.1997) (noting that officer may be liable if he personally participates in the tort, but not addressing whether officer and corporation would be jointly liable in those circumstances). The jury here determined that Dr. Greene was negligent, and he does not challenge this finding on appeal.

Where the jury found that Dr. Greene and his corporations were negligent, and where Dr. Greene individually participated in the corporations' negligent acts, Dr. Greene and the corporations should be held jointly liable. *See* Fletcher, *supra* § 1138; Am.Jur.2d, *supra*, § 2126. Under these circumstances, their negligence should be aggregated based on their joint liability. I would affirm.