# LINDA DAWLEY, TRUSTEE OF THE ESTATE OF LEONARD P. DAWLEY, JR. v. ALVIN THISIUS AND ANOTHER.

231 N. W. 2d 555.

July 3, 1975—No. 45105.

*Abrams & Spector* and *Mitchell R. Spector*, for appellant.

*Gislason, Alsop, Dosland & Hunter* and *S. P. Gislason*, for respondents.

Heard before Otis, Todd, and MacLaughlin, JJ., and considered and decided by the court en banc.

PER CURIAM.

On August 24, 1972, Leonard P. Dawley, Jr., husband of plaintiff, Linda Dawley, was working alone in the paint room of his employer, Jones Sheet Metal Company (Jones), when he fell into a large dip tank filled with a caustic detergent solution. Since there were no eyewitnesses to the fall, it is not known exactly how the accident occurred. Dawley died one week after the fall as a result of burns received in the accident. Plaintiff, as trustee of the estate of her deceased husband, brought this action seeking damages proximately caused by his death. The trial court directed a verdict for defendants at the close of plaintiff's case. Plaintiff appeals from the judgment entered for defendants. We affirm.

The dip tank into which decedent fell was one of five tanks constructed by Jones in about 1965. The tanks were used to clean sheet metal parts prior to painting and were originally installed in a building shared by Jones and defendant Kato Engineering Company (Kato). Jones would construct sheet metal parts to Kato's specifications and sell them to Kato. Kato's employees would take the parts and dip them into the tanks to clean them in preparation for painting. The tanks were used in this manner until January 1972, when Jones left the building it shared with Kato and removed the tanks to its new location. The tanks were installed in the paint room at Jones' new location. On March 8, 1972, Jones hired decedent. From that day until August 24, 1972, the day of the accident, decedent worked in the paint room at Jones' new location.

Plaintiff brings this action against defendant Alvin Thisius, the general manager and secretary of Jones, on the theory that Thisius failed to provide decedent with a safe place to work. This allegation is based solely on the fact that Thisius had general overall responsibility for the day-to-day operation of Jones.

Defendant Kato has been joined in this action on the theory that it sold a defective tank to Jones and that the defects caused decedent to fall into the tank.[1] Plaintiff's theory that Kato sold the tanks to Jones is based on a statement to that effect by J. Peder Kvamme, secretary-treasurer of Kato, in his pretrial deposition. However, when Kvamme testified at trial, he repudiated that statement. He testified that prior to his deposition he had not checked the records but that since that time he had checked the records and discovered that Kato had leased the

---

[1] Plaintiff also alleges that Kato Engineering Company negligently designed the tanks. This theory is based on the fact that when the tanks were originally constructed Jones Sheet Metal Company consulted Kato regarding the size of the parts that would be cleaned. However, there is no evidence that Kato had anything to do with the design of the tanks themselves. Plaintiff could not, therefore, recover from Kato on this theory.

tanks from Jones. Invoices were introduced into evidence which supported Kvamme's testimony at trial. No evidence, other than his own pretrial deposition, contradicted Kvamme's testimony at trial.

1. Plaintiff argues that the trial court erred in granting a directed verdict for Kato because there was evidence in the record from which a jury could have concluded that Kato sold Jones a defective product which caused decedent's death. We disagree.

If, accepting the evidence most favorable to the adverse party, there is evidence in the record to support a jury finding for the adverse party, a directed verdict should not be granted. See, E. H. Renner & Sons, Inc. v. Primus, 295 Minn. 240, 203 N. W. 2d 832 (1973); Stenzel v. Bach, 295 Minn. 257, 203 N. W. 2d 819 (1973). However, not every conflict in the evidence creates a jury issue. Cunningham v. Federal Cartridge Corp. 265 Minn. 534, 122 N. W. 2d 208 (1963). If the contradictory evidence could not support a finding on a determinative issue, a directed verdict may be proper.

We hold that there is insufficient evidence in the record to support a jury finding that Kato sold the tanks in question to Jones and that the trial court correctly directed a verdict for Kato.

2. The trial court also acted properly in directing a verdict for defendant Thisius. Under our Workmen's Compensation Act, an employee injured in the course of employment is precluded from bringing an action for damages against his employer. Minn. St. 176.031. An employee may, however, bring an action against a co-employee for the latter's negligence. Behr v. Soth, 170 Minn. 278, 212 N. W. 461 (1927); 2 Larson, Workmen's Compensation Law, § 72.10. This is true even if the co-employee is a corporate officer, general supervisor, or foreman. See, e.g., Tully v. Estate of Gardner, 196 Kan. 137, 409 P. 2d 782 (1966); Ransom v. Haner, 174 F. Supp. 82 (D. Alaska 1959). This does not mean, however, that the right of one employee to recover damages from another employee for personal injuries received in the course

of employment is totally unaffected by the policy behind the workmen's compensation statute.

The acts of negligence for which a co-employee may be held liable must be acts constituting direct negligence toward the plaintiff, tortious acts in which he participated, or which he specifically directed others to do. Steele v. Eaton, 130 Vt. 1, 285 A. 2d 749 (1971). A co-employee may be held liable when, through personal fault as opposed to vicarious fault, he breaches a duty owed to plaintiff. Personal liability, however, will not be imposed on a co-employee because of his general administrative responsibility for some function of his employment without more. He must have a personal duty towards the injured plaintiff, breach of which has caused plaintiff's damage. Canter v. Koehring Co. 283 So. 2d 716 (La. 1973); accord, Wilson v. Hasvold, 86 S. D. 286, 194 N. W. 2d 251 (1972).

Plaintiff, in bringing this action against Thisius, is attempting to recover damages from the general supervisor of her deceased husband's employer for injuries caused by an alleged failure to provide a safe place to work without any showing that Thisius had a personal duty to provide a safe place for decedent to work. That was the employer's duty, and the Workmen's Compensation Act precludes an action against the employer for its alleged breach of duty. The decision of the trial court to direct a verdict in favor of Thisius was therefore correct.

Affirmed.