James Vincent TERVEER, et al.,
Jeffrey Miller, et al., Appellants,

v.

NORLING BROS. SILO CO., INC., et
al., Respondents.

No. C9–84–1964.

Court of Appeals of Minnesota.

March 26, 1985.

Review Denied May 31, 1985.

William L. Hoversten, Waseca, for James Vincent Terveer, et al.

James H. Malecki, New Ulm, for Jeffrey Miller, et al.

Ronald M. Michaelson, Kirk A. Stubbee, Minneapolis, Joe E. Thompson, Willmar, for Norling Bros. Silo Co., Inc. et al.

Michael D. Miller, Minneapolis, for amicus curiae.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

RANDALL, Judge.

James and Pamela Terveer, Jeffrey Miller, and Roselyn Knake appeal the trial court's summary judgment order dismissing their strict liability and negligence claims against respondents.

Affirmed.

## FACTS

On July 20, 1981, James Terveer, Jeffrey Miller, James Meis and Kevin Knake were constructing a 65 foot concrete stave silo. Terveer, Miller and Knake (appellants) were standing on a scaffold 60 feet in the air. Meis was on the ground outside the silo mixing cement. All were acting within the course and scope of their employment with Norling Brothers Silo Co., Inc. When the scaffold collapsed, the three workers fell about 60 feet to the bottom of the silo. As a result, Miller, Terveer and Meis were injured and Knake was killed.

Workers' compensation claims under Minn.Stat. § 176.001, et seq. were made on behalf of Miller, Terveer, and the heirs of Knake. Appellants have been paid workers' compensation benefits.

Norling Brothers Silo Co., Inc. (respondent) is a family owned silo building company in Svea, Minnesota. On July 20, 1981, Palmer Norling (respondent) was the executive vice president and general manager of Norling Brothers and one of several shareholders. His duties were supervisory; he was in charge of all Norling operations. He was also primarily responsible for compensation and was in charge of safety meetings.

In 1968, Palmer Norling designed a scaffold by combining pieces from several scaffold systems. The significant change he developed involved the way the motor and winches (stationary hoisting machines) hung on the scaffolding. He did some of the welding on this first set of scaffolding. In 1970, he made further design changes to the arms that support the platform and the ring assembly of the scaffolding. Subsequently, about five scaffolds with the 1970 changes were made. Four of the five were used in the family business and one had been exchanged with a supplier for certain commodities. None were ever put into the chain of commerce for sale to the public for a profit. Palmer Norling did none of the welding on those five sets, nor was he directly responsible for supervising the welding. Respondents claim that one of these five sets of scaffolding was being used by the appellants at the time of the accident.

Appellants claim that in early 1981, some foremen of the building crews complained to Palmer Norling that their scaffold center pipes were bending more than they should. Appellants also say that Palmer Norling did not consult with engineers after 1981, when the workers started to use heavier materials in silo construction, relative to the need for further modifications.

Appellants sued Norling Brothers Silo Co, Inc. as a "manufacturer" of the scaffolding used at the time of the collapse. Appellants also sued Palmer Norling individually on the ground that his conduct as a co-employee was grossly negligent.

## ISSUES

1. Did the trial court err by granting summary judgment in favor of Palmer Norling?

2. Did the trial court err by granting summary judgment in favor of Norling Brothers Silo Co., Inc.?

## ANALYSIS

### I.

*Gross negligence*

■ Summary judgment is appropriate when there is no genuine issue as to any material fact, and one party is entitled to judgment as a matter of law. Minn.R. Civ.P. 56.

The trial court said in the memo accompanying its summary judgment order:

> The claims asserted against co-employee, Palmer Norling, are non-delegable duties of an employer and by reason thereof, do not support an action against Palmer Norling individually.

The trial court properly decided that Palmer Norling may not be found individually liable. Under Minnesota workers' compensation law, employees cannot sue co-employees except for gross negligence and intentional tort. Minn.Stat. § 176.061, subd. 5 (1980) Here there are not even allegations, much less proof, of intentional tort. Appellants did raise the question whether Palmer Norling violated any duty toward them by acts that rise to the level of gross negligence. The trial court thought not, and we agree. Gross negligence is negligence of the highest degree. *High v. Supreme Lodge of the World,* 214 Minn. 164, 7 N.W.2d 675 (1943). *See State v. Bolsinger,* 221 Minn. 154, 21 N.W.2d 480 (1946).

■ Appellants argue based on *Dawley v. Thisius,* 304 Minn. 453, 231 N.W.2d 555 (1975) that Palmer Norling violated a personal duty toward them by improperly designing and maintaining the scaffold. This argument is misplaced. In *Dawley,* the court concluded a general manager was not liable when an employee fell into a tank of caustic solution because the responsibility to make the workplace safe was a non-delegable duty of the employer. Likewise, making the scaffold safe was a non-delegable employer's duty. Thus, Palmer Norling, an individual, breached no duty toward appellants and cannot be sued for ordinary negligence.

■ *Dawley* limited and clarified instances in which an employee may sue a co-employee to those where the defendant owes a personal duty to the plaintiff. The enactment in 1978 of Minn.Stat. 176.061, subd. 5 further limited actions against co-employees to situations in which there was either gross negligence or an intentional tort. *See Nelson v. Rodgers Hydraulic Inc.,* 351 N.W.2d 36 (Minn.Ct.App.1984). The record supports the trial court's conclusion that neither as to intentional tort or gross negligence were there any genuine issues of material fact for jury consideration. The trial court was correct in granting summary judgment on the issue of gross negligence.

### II.

*Dual capacity*

■ Appellants also argue that Minnesota should adopt the "dual capacity" doctrine to allow them to recover against Norling Brothers as a manufacturer. Several jurisdictions have developed a common-law exception to the exclusive remedy provision of the workers' compensation statute. *See Note, Workers' Compensation: The Dual-Capacity Doctrine,* 6 Wm. Mitchell L.Rev. 813 (1980). The dual capacity doctrine provides that an employer normally shielded from tort liability may become liable to an employee if the employer has a second capacity that imposes obligations independent of those imposed as an employer.

To justify a common law action against an employer, injured employees have asserted that the employer acted in one or more of the following eight capacities: (1) manufacturer or distributor of a defective product; (2) provider of medical services; (3) insurer; (4) corporate subdivision or related corporation; (5) government subdivision; (6) owner of real estate; (7) vendor; (8) statutory duty not imposed by a workers' compensation act. *Id.* at 815.

■ For employees to sue successfully on the basis of a defective product, the employer must be in the business of manufacturing or distributing the defective prod-

uct. *See Douglas v. E. & J. Gallo Winery,* 69 Cal.App.3d 103, 137 Cal.Rptr. 797 (1977); *Siva v. General Tire and Rubber Co., Inc.,* 146 Cal.App.3d 152, 194 Cal.Rptr. 51 (1983). Even if we were to consider the adoption of this doctrine, the facts here do not fit. Norling Brothers was not in the business of selling or distributing scaffolds. At best, Palmer Norling created approximately five scaffolds for personal use in the business and the evidence shows one scaffold was bartered to someone for needed supplies. The record is devoid of any facts supporting an inference that at any time Norling Brothers either made or attempted to make any income from sales or distribution of Palmer Norling's homemade scaffolds. Thus, this is not the proper case to consider application of the dual capacity doctrine. The trial court properly dismissed the claim against Norling Brothers.

### DECISION

Summary judgment was proper where there was no genuine fact question on delegable duties, gross negligence, and dual capacity.

Affirmed.