Gary WOOD, Appellant,

v.

Paul KORN, et al., Respondents.

No. CX–93–152.

Court of Appeals of Minnesota.

July 20, 1993.

Review Denied Aug. 24, 1993.

Kay Nord Hunt, Mark N. Stageberg, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for appellant.

Dale M. Wagner, Moss & Barnett, P.A., Minneapolis, for respondents.

Considered and decided by KLAPHAKE, P.J., and FORSBERG and SCHULTZ, JJ.

## OPINION

SCHULTZ, Judge.*

Appellant Gary Wood brought this personal injury action against two of his co-employees, respondents Paul Korn and Duane Kloncz. Wood appeals from the district court's grant of summary judgment to Korn and Kloncz. We affirm.

## FACTS

Wood was employed by Resistance Technology, Inc. (RTI), as a machine operator. Kloncz was the first shift supervisor, and Korn was the lead supervisor.

Wood worked the second shift, and operated press number 7, an injection molding press which was approximately 30 years old. Press number 7 was considered a "joke" around the company and a "piece of junk." The press would jam or otherwise malfunction approximately 20 times on a typical shift, and was frustrating to operate because the down time made it difficult to meet quotas.

On March 20, 1990, Wood was injured when his right hand was crushed in press number 7. Wood sought and received workers' compensation benefits as a result of the accident.

Wood then brought this action against Korn and Kloncz, alleging their gross negligence caused his injury. His complaint alleges that prior to the accident, Wood and other employees had directly reported to Korn and Kloncz that press number 7 was "malfunctioning, was in need of repair, and was unsafe and dangerous for continued operation." The complaint further alleges that Korn and Kloncz, "as immediate supervisors of [Wood], had a personal duty owing to him." The complaint finally alleges that "the failure of [Korn and Kloncz] to take any constructive, affirmative action, upon receiving clear notice, to correct the highly dangerous and deficient nature of [press number 7], constitutes gross negligence."

Korn and Kloncz moved for summary judgment, claiming they did not owe a personal duty to Wood. The district court agreed:

This court finds that based upon the undisputed facts in this case and the case law from Minnesota, that this is a case where the employer breached its nondelegable duty to provide safe equipment for the use of its employees. Accordingly, the defendants did not owe the plaintiff a personal duty and an action against them cannot be maintained.

Wood appeals.

## ISSUE

Did the district court err in granting summary judgment?

## ANALYSIS

Summary judgment is appropriate when there is no genuine issue as to any material fact and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. The evidence must be viewed in the light most favorable to the nonmoving party. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982). Whether a duty exists is a question of law which this court reviews de novo. *Larson v. Larson*, 373 N.W.2d 287, 289 (Minn.1985).

In *Dawley v. Thisius*, 304 Minn. 453, 231 N.W.2d 555 (1975), the supreme court limited instances in which an employee may sue a co-employee:

The acts of negligence for which a co-employee may be held liable must be acts constituting direct negligence toward the plaintiff, tortious acts in which he participated, or which he specifically directed others to do. A co-employee may be held

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

liable when, through personal fault as opposed to vicarious fault, he breaches a duty owed to plaintiff. Personal liability, however, will not be imposed on a co-employee because of his general administrative responsibility for some function of his employment without more. He must have a personal duty towards the injured plaintiff, breach of which has caused plaintiff's damage.

*Id.* at 456, 231 N.W.2d at 557–58 (citations omitted). The supreme court went on to conclude that the co-employee in *Dawley*, who was a supervisor, owed no personal duty to provide a safe place to work because that duty belonged to the employer. *Id.* at 456, 231 N.W.2d at 588.

In 1979, the legislature further limited suits by employees against co-employees by adding the following language to the workers' compensation act:

> A co-employee working for the same employer is not liable for a personal injury incurred by another employee unless the injury resulted from the gross negligence of the co-employee or was intentionally inflicted by the co-employee.

1979 Minn. Laws Ext. Sess. ch. 3, § 31 (amending Minn.Stat. § 176.061, subd. 5).

■ Cases from this court decided since *Dawley* and this 1979 amendment have consistently held that a co-employee owes no personal duty to another employee when the employee's injury is the result of an unsafe place to work or the use of unsafe equipment. The duty to provide safe equipment or a safe workplace is a nondelegable duty belonging solely to the employer, and a co-employee cannot be held personally liable for the breach of that duty. *See, e.g., Weber v. Gerads Dev.,* 442 N.W.2d 807, 810–11 (Minn.App.1989), *pet. for rev. granted* (Minn. Sept. 15, 1989), *pet. for rev. dismissed* (Minn. Feb. 7, 1990); *Terveer v. Norling Bros. Silo Co.,* 365 N.W.2d 279, 281 (Minn.App.1985), *pet. for rev. denied* (Minn. May 31, 1985); *Nelson v. Rogers Hydraulic, Inc.,* 351 N.W.2d 36, 38 (Minn.App.1984). Based on these decisions, we conclude that the district court did not err in determining that Korn and Kloncz owed no personal duty to Wood to provide safe equipment or a safe workplace.

## DECISION

The district court's grant of summary judgment is affirmed.

**Affirmed.**