Jake STELLING, Plaintiff (C6–96–2284, C3–97–34), Appellant (CX–96–2546),

v.

HANSON SILO COMPANY, Appellant (C6–96–2284), Defendant (CX–96–2546, C3–97–34),

Southeastern Minnesota Silo & Equipment (formerly Carlson Equipment), Defendant (C6–96–2284, CX–96–2546), Appellant (C3–97–34),

Stelling Farms, Inc., Defendant,

Gilbert Stelling, Respondent.

Nos. C6–96–2284, CX–96–2546, and C3–97–34.

Court of Appeals of Minnesota.

May 13, 1997.

Joseph O'Brien, Jr., Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, for Respondent Gilbert Stelling.

Michael A. Koziol, Ditzler & Koziol, Minneapolis, for Appellant Hanson Silo.

Clifford J. Knippel, Jr., Rischmiller, Knippel & Aronson, Minneapolis, for Appellant/Respondent Jake Stelling.

Eric D. Larson, Dunlap & Seeger, P.A., Rochester, for Respondent/Appellant Southeastern Minnesota Silo.

Richard R. Caldecott, Caldecott, Forro & Taber, Minneapolis, for Respondent Stelling Farms.

Considered and decided by WILLIS, P.J., and RANDALL and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

After he was severely injured by the auger blades of a silage unloader, Jake Stelling sued Hanson Silo Company ("Hanson Silo") and Southeastern Minnesota Silo & Equip-

ment (formerly Carlson Equipment) ("SE MN Silo"). The complaint alleged negligence, strict liability, and breach of express and implied warranties. Hanson Silo filed a third-party complaint for contribution and indemnity against Gilbert Stelling and Stelling Farms, Inc. ("Stelling Farms").[1] Jake Stelling amended his complaint to include a claim against these third-party defendants, alleging that they were also negligent.

Stelling Farms and Gilbert Stelling thereafter moved for summary judgment, arguing that Gilbert Stelling had no duty to provide a safe workplace for coemployee Jake Stelling and that Stelling Farms exercised reasonable care in the inspection and maintenance of the machinery involved in the accident. The district court denied Stelling Farms' motion, but granted summary judgment to Gilbert Stelling and dismissed him from the action, providing no reasons for its decision. In an amended order and judgment, the court concluded there was "no just reason for delay" and entered judgment under Minn. R. Civ. P. 54.02.

Hanson Silo, Jake Stelling, and SE MN Silo appeal. We reverse and remand.

## FACTS

Jake Stelling was employed by Stelling Farms, a family dairy farm organized as a corporation. The two equal shareholders of Stelling Farms are Jake Stelling's father and grandfather, Gary and Gilbert Stelling. Stelling Farms apparently owned the dairy cows and some of the farm equipment, and Gilbert Stelling independently owned the farm, silo, and unloader. The record does not disclose whether he leased the farm and equipment to the corporation.

On January 8, 1994, 21-year-old Jake Stelling was working with Gilbert Stelling transferring feed from the silo to the feeding area. Silage stopped coming down the chute of the silage unloader, which during normal operations discharges silage from the silo, down the chute, and onto a conveyor belt to the feeding area. Suspecting that frozen silage had caused the malfunction, Jake Stell-

ing took an ice pick and entered the silo, where he discovered frozen silage jamming the unloader's augers. He began to chip at the frozen silage with the ice pick to clear the unloader. Jake Stelling then told Gilbert Stelling to "let her go," and Gilbert Stelling activated the unloader while Jake Stelling was still inside the silo. The silo unloader rotated around inside the silo and removed silage while Jake Stelling continued to chip away at the frozen silage. The frozen silage took some time to remove, and Jake Stelling was inside the silo for at least five minutes with the unloader running. He stepped on the metal grill cover shielding the augers several times while the unloader was operating. When he last stepped on the grill cover, however, it broke. He stepped through, entangling his left leg in the auger. Jake Stelling's leg was subsequently amputated.

Gilbert Stelling stated in his deposition that the only time a person should be in the silo when the unloader is running is when the unloader has malfunctioned; one should then turn off the unloader and make adequate repairs. Gilbert Stelling acknowledged that occupying a silo during the operation of an unloader is dangerous, especially because it is difficult to communicate when an unloader is operating.

The unloader that caused Jake Stelling's injury was originally manufactured by Hanson Silo. It was refurbished by SE MN Silo and sold to Gilbert Stelling in 1987. SE MN Silo installed the unloader at the farm, inspected it annually, and performed routine maintenance on it. Approximately two months before the accident, SE MN Silo's owner, Mike Elder, personally inspected and serviced the unloader. During this inspection, Elder, who weighed approximately 230 pounds, stood on the grill cover. According to Elder, there was no indication of metal fatigue or corrosion on the grill cover at that time.

Jake Stelling sought, but was denied, workers' compensation benefits because Stelling Farms' insurance policy with Grin-

---

1. SE MN Silo notes in its appellate brief that it also intended to bring a contribution and indem- nity claim against Gilbert Stelling.

nell Mutual excluded coverage for injuries to family members. Stelling Farms had elected not to purchase additional workers' compensation coverage for family members. Gilbert Stelling also is insured under a liability policy issued by Grinnell, but the record does not disclose whether Stelling Farms has any liability coverage.

## ISSUE

Did the district court err in granting summary judgment to Gilbert Stelling and dismissing him as a party from this action?

## ANALYSIS

Summary judgment is properly granted when the record shows there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. The facts are viewed in a light most favorable to the party against whom judgment was granted. *See Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). This court need not defer to a district court's decision on issues of law. *See, e.g., Kornberg v. Kornberg,* 542 N.W.2d 379, 384 (Minn. 1996); *Karst v. F.C. Hayer Co.,* 447 N.W.2d 180, 181 (Minn.1989) (construction of exclusive remedy provision of workers' compensation act); *Larson v. Larson,* 373 N.W.2d 287, 289 (Minn.1985) (existence of legal duty).

### 1. Workers' Compensation Act

■ Gilbert Stelling argues that he was entitled to summary judgment because the workers' compensation act ("the act") precludes a suit by an employee against a coemployee unless that coemployee is grossly negligent.[2] *See* Minn.Stat. § 176.061, subd. 5(c) (1992). However, the act, including its limitations on actions against coemployees, does not apply to this case.

2. There is no claim that Gilbert Stelling committed gross negligence or intentionally inflicted injury on his grandson; nor would the evidence support a finding of gross negligence. *See Terveer v. Norling Bros. Silo Co.,* 365 N.W.2d 279, 281 (Minn.App.1985) (gross negligence is negligence of highest degree), *review denied* (Minn. May 31, 1985).

3. The workers' compensation system is based upon a "mutual renunciation of common law

The act specifically excludes workers like Jake Stelling who are "employed by a family farm as defined by section 176.011, subdivision 11a." Minn.Stat. § 176.041, subd. 1(b). The act also specifically excludes "a * * * child, regardless of age, of an executive officer of a family farm corporation as defined by section 500.24, subdivision 2, and employed by that family farm corporation." Minn.Stat. § 176.041, subd. 1(h). Although Stelling Farms could have opted to purchase workers' compensation coverage for Jake Stelling, it chose not to do so. Thus, because Jake Stelling was excluded from coverage under the act, his claim is not subject to the act's limitations, which include surrender of the common law right to sue an employer or coemployee.[3]

### 2. Common Law Liability of Coemployees

■ At common law, an injured employee may sue a coemployee only when that coemployee breaches a direct, personal duty:

> The acts of negligence for which a coemployee may be held liable must be acts constituting direct negligence toward the plaintiff, tortious acts in which he participated, or which he specifically directed others to do. A co-employee may be held liable when, through personal fault, as opposed to vicarious fault, he breaches a duty owed to plaintiff. Personal liability, however, will not be imposed on a coemployee because of general administrative responsibility for some function of his employment without more. He must have a personal duty towards the injured plaintiff, breach of which has caused plaintiff's damages.

*Dawley v. Thisius,* 304 Minn. 453, 456, 231 N.W.2d 555, 557 (1975).

rights and defenses by employers and employees alike." Minn.Stat. § 176.001 (1992). In exchange for guaranteed compensation regardless of fault, an employee covered by the act "gives up any right to a common law action against the employer [and against co-employees]." *Wicken v. Morris,* 527 N.W.2d 95, 99 (Minn.1995) (quoting *Boryca v. Marvin Lumber & Cedar,* 487 N.W.2d 876, 879 n. 3 (Minn.1992)).

■ In this case, Jake Stelling alleged that Gilbert Stelling was negligent in operating the unloader while he was in the silo. This allegation involves direct acts of personal negligence by a coemployee[4]; it is not a claim based on "vicarious fault" or "general administrative responsibility."

■ Moreover, sufficient evidence exists to withstand summary judgment on the issue of whether Gilbert Stelling breached this personal duty. Gilbert Stelling admitted that it was dangerous to operate the unloader while another person was inside the silo. Gilbert Stelling, however, activated the unloader while his grandson was inside the silo and left it running for at least five minutes. While Gilbert Stelling asserts that appellants should have presented some evidence that he violated some industry standard or that his conduct was unreasonable, issues of breach and causation are generally fact issues for a jury to decide. *See Whaley v. Anderson,* 458 N.W.2d 155, 158 (Minn.App.1990). Thus, sufficient evidence exists to present the issue of Gilbert Stelling's negligence to a jury.

Our decision does not interfere with an employer's nondelegable duty to provide safe equipment or a safe workplace. *See Nelson v. Rodgers Hydraulic, Inc.,* 351 N.W.2d 36, 38 (Minn.App.1984); *Wood v. Korn,* 503 N.W.2d 523, 525 (Minn.App.1993), *review denied* (Minn. Aug. 24, 1993); *Terveer v. Norling Bros. Silo Co.,* 365 N.W.2d 279, 281 (Minn.App.1985), *review denied* (Minn. May 31, 1985). The allegations of negligence based on Gilbert Stelling's status as a coemployee involve his direct participation in "turning on the [unloader] switch while [Jake Stelling] was in the silo," not his failure to provide a safe workplace or to adequately inspect, maintain, or supervise.

### 3. Liability as Landowner

■ Appellants Jake Stelling, Hanson Silo, and SE MN Silo argue that Gilbert Stelling owed and breached duties of care based on his status as a landowner. Appel-

lants argue that Gilbert Stelling owed and breached a duty to inspect or repair the unloader and a duty to warn his grandson of the risks of remaining in the silo after the unloader was activated. *See Peterson v. Balach,* 294 Minn. 161, 174, 199 N.W.2d 639, 647 (1972). Gilbert Stelling owned the farm, silo, unloader, and electric switch; as already noted, it is unclear whether he leased these items to Stelling Farms. Stelling Farms has a nondelegable duty to maintain a safe workplace and cannot escape liability by claiming that Gilbert Stelling owned the equipment and machinery. *See Wood,* 503 N.W.2d at 525.

■ Gilbert Stelling, however, may be liable as a landowner if he did not lease his farm and equipment to Stelling Farms; in that case, Gilbert Stelling still had possession of the farm and equipment and may be jointly and severably liable with Stelling Farms. *See* Restatement (Second) of Torts § 355 (1965) (with some exceptions, lessor of property not liable to lessee or others for physical harm caused by dangerous condition that comes into existence after lessee has taken possession); *cf. Fick v. Wolfinger,* 293 Minn. 483, 483, 198 N.W.2d 146, 147 (1972) (negligence action by farmhand against farm owners and against owner of piece of farm equipment). On remand, the district court should determine whether the farm land and equipment were formally leased to Stelling Farms.

### 4. Joint Venture/Joint Enterprise Liability

■ Appellants argue that because Gilbert Stelling and Stelling Farms were engaged in a joint venture or joint enterprise, Gilbert Stelling was jointly and severally liable for Stelling Farms' negligence. However, a joint venture or joint enterprise generally arises when necessary to impute negligence between two entities that otherwise have no legal relationship. *See Rehn-*

---

4. Gilbert Stelling also argued that because he is an officer of the corporation, he has no personal liability. Negligence cannot be imputed to a corporate officer unless "he participated in, directed, or was negligent in failing to learn of and prevent the tort." *Morgan v. Eaton's Dude*

*Ranch,* 307 Minn. 280, 283, 239 N.W.2d 761, 762 (1976) (footnotes omitted). Because Gilbert Stelling allegedly participated in the negligence that caused his grandson's injuries, he may be personally liable.

*berg v. Minnesota Homes,* 236 Minn. 230, 234, 52 N.W.2d 454, 456 (1952) ("Generally speaking, a joint venture is created—assuming that a corporation has not been organized and the circumstances do not establish a technical partnership"). Because Gilbert Stelling has a legal relationship with Stelling Farms as its officer and shareholder,[5] joint venture or joint enterprise liability does not apply here.

## DECISION

The district court erred in granting summary judgment to Gilbert Stelling. We therefore reverse the grant of summary judgment to Gilbert Stelling and the dismissal of this action against him.

**Reversed and remanded.**

---

5.  Indeed, if shareholders in a small, closely held corporation fail to make formal distinctions between corporate and individual property or funds, the corporate entity may be disregarded and the shareholders may be held personally liable for corporate obligations, which may arguably include tort judgments. *See West Concord Conservation Club, Inc. v. Chilson,* 306 N.W.2d 893, 897–98 (Minn.1981).